C. Ray SEWELL, an individual, Plaintiff–Appellant,

v.

The BANK OF WEDOWEE, etc., et al., Defendants,

S.W. Carpenter, an individual, Defendant–Appellee.

No. 90–7003

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 27, 1990.

---

David R. Donaldson, Ritchie and Rediker, Birmingham, Ala., for plaintiff-appellant.

M. Roland Nachman, Jr., Balch & Bingham, Montgomery, Ala., for defendant-appellee.

Before HATCHETT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

C. Ray Sewell, a shareholder in the Bank of Wedowee, requested that he be allowed to examine, pursuant to Ala.Code § 10–2A–79 (1987), all bank records involving the proposed purchase of the Bank of Wadley by the Bank of Wedowee. S.W. Carpenter, the president of the Bank of Wedowee, complied with the request but refused to turn over a large number of documents, claiming they were not bank records but personal documents. Sewell filed this action seeking damages under Ala.Code § 10–2A–79(c) (1987) for Carpenter's refusal to turn over these documents.

The district court granted partial summary judgment for Carpenter, concluding that a number of the documents not turned over to Sewell were not bank records within the meaning of section 10–2A–79. Following a trial, the court concluded that Carpenter had refused to allow Sewell to inspect one document that was a bank record under section 10–2A–79. The court, however, refused to impose any sanction against Carpenter. Sewell appeals.

Ala.Code § 10–2A–79(c) (1987) provides that

[a]ny officer or agent who, or a corporation which, without reasonable cause, shall refuse to allow any such shareholder or holder of voting trust certificates, or his agent or attorney so to examine and make copies of and extracts from its books, papers, records of accounts, minutes and record of shareholders and holders of voting trust certificates, for any proper purpose, *shall be liable to such shareholder or holder of voting trust certificates for a penalty of an amount not to exceed 10 percent of the value of the shares owned by such shareholder....*

(Emphasis added).

The court found that Carpenter violated the statute by refusing to allow Sewell to inspect one document, a letter from the bank's attorneys to Carpenter. The court concluded, however, that given the enormous document request by Sewell and the fact that only one document was improperly withheld, the court had the discretion under the statute not to award any sanctions for the violation. R. 2–58–4.

We conclude that the statute does not grant a trial court the discretion to refuse to impose a penalty upon finding a violation of the statute.

The only reported case dealing with any form of this statute is *Miles v. Bank of Heflin*, 295 Ala. 286, 328 So.2d 281 (1975), which involved the original version of the statute. The statute at issue in *Miles* was identical to the statute at issue in this case with the exception that the amended statute contains the phrase "an amount not to exceed ten percent," while the original statute contained the phrase "an amount equal to ten percent." In *Miles*, the bank argued that the word "shall" could be replaced with the word "may" and thus the statute allowed the trial court the discretion to award an amount less than ten percent. *Id.* at 296–97, 328 So.2d at 290–91. The Supreme Court of Alabama rejected this argument, concluding that "shall" could not be read to mean "may" and that the statute required a mandatory penalty of ten percent. *Id.*

The Alabama legislature, against this backdrop, amended the statute at issue in *Miles*. The legislature, instead of replacing "shall" with "may," decided to substitute the phrase "not to exceed" for the phrase "equal to." This change adopted the Bank of Heflin's argument that the penalty should be a varying amount as opposed to a fixed amount. The legisla-

ture, however, maintained the language that the Supreme Court of Alabama had found mandated the imposition of a penalty. This leads us to the conclusion that the legislature intended that a penalty be mandated, but intended that the amount awarded be discretionary.

The statute's plain meaning supports this conclusion. The statute provides an "officer ... *shall* be liable for a penalty of an amount not to exceed 10 percent...." (Emphasis added). This language indicates that although the amount of the penalty awarded is now discretionary, the imposition of some penalty is still mandatory.

In this case the district court found a violation of the statute but did not impose any penalty for that violation. Although the court may have been correct in concluding that the violation was "negligible," the statute requires that the court impose some penalty.

Sewell also argues on this appeal that the district court erred in granting partial summary judgment in favor of Carpenter. The court found that some records at issue were not bank records within the meaning of the statute. We find no error in that ruling.

Therefore, we AFFIRM the district court's grant of partial summary judgment but REVERSE the district court's refusal to award a penalty under section 10–2A–79(c) and REMAND the case for further proceedings consistent with this opinion.

AFFIRMED in part and REVERSED and REMANDED in part.